IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **AMY CELZNICK**, on behalf of herself and all others similarly situated, | ) ) ) Case No. |
| Plaintiff, | ) ) Judge |
| vs. | ) ) ) |
| **VISITING NURSE ASSOCIATION HEALTHCARE PARTNERS OF OHIO d/b/a VISITING NURSE ASSOCIATION OF OHIO** | ) ) ) ) |
| Defendant. | ) **COLLECTIVE ACTION AND CLASS ACTION COMPLAINT** ) ) ) **JURY DEMAND INCLUDED HEREON** ) |

Plaintiff Amy Celznick ("Plaintiff"), by and through counsel, for her Class and Collective Action Complaint against Defendant Visiting Nurse Association Healthcare Partners of Ohio d/b/a Visiting Nurse Association of Ohio ("Defendant") alleges as follows:

**INTRODUCTION**

1) This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201, *et seq.* and the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111, *et seq.* (the "OMFWSA"); and concerns the underpayment of overtime to Plaintiff and others similarly situated.

2) Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or herself and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly situated" employees who may join this case pursuant to §216(b).

1

3) Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the OMFWSA for unpaid overtime on behalf of herself and all similarly situated employees current and former employees of Defendant.

4) Plaintiff also brings this action to compel the production of payroll records that Defendant has failed to provide in violation of O.R.C. § 4111.14(G) and Ohio Const. art. II, § 34a.

## JURISDICTION AND VENUE

5) This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6) Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

7) The Court has supplemental jurisdiction over the asserted Ohio claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

8) Plaintiff is an adult individual residing in Ohio who was employed by Defendant as a Licensed Practical Nurse.

9) Plaintiff's written consent to join this action is being filed pursuant to 29 U.S.C. § 216(b) as **Exhibit A**.

10) Defendant is an Ohio corporation for non-profit maintaining a principal place of business in Cleveland, Cuyahoga County, Ohio.

## FACTUAL ALLEGATIONS

### Defendant's Failure to Pay Overtime

11) Defendant employed Plaintiff as a non-exempt hourly employee.

12) In addition to Plaintiff, Defendant employed numerous similarly situated employees who worked as licensed practical nurses, registered nurses, home health aides, as well as other non-exempt capacities.

13) Defendant holds itself out as employing a "staff of close to 400 professionals" on its company website. *See* https://www.vnaohio.org/about.

14) Plaintiff and those similarly situated regularly worked in excess of 40 hours per week.

15) Defendant, however, failed to pay overtime compensation in numerous instances in which Plaintiff and others similarly situated worked in excess of 40 hours in a workweek.

16) Furthermore, Plaintiff and those similarly situated were regularly required to work "off of the clock." As one example, Defendant required Plaintiff and other similarly situated employees to report to work well in advance of their scheduled shift start times—sometimes as much as 30 minutes—to relieve the prior shift. Although Defendant required Plaintiff and other similarly situated employees to report to work early, and although Plaintiff and other similarly situated employees were engaged in compensable work during this time, Defendant failed to pay Plaintiff and those similarly situated employees this time worked.

17) Defendant's failure to count this "off the clock work" as hours worked resulted in additional unpaid overtime.

18) The FLSA and the OMWFSA require employers to pay non-exempt employees at a rate of one and one-half times the employees' regular rate of pay for all hours worked over 40 in each workweek. In addition to Defendant's violations of the FLSA and OMWFSA set forth above, Defendant failed to incorporate all compensation for hours worked when determining the "regular

rate" for Plaintiff and those similarly situated. This resulted in additional unpaid overtime in violation of the FLSA and the OMWFSA.

19) Defendant knowingly and willfully engaged in the violations of the FLSA and the OMFWSA described herein.

20) The exact amount of unpaid overtime compensation that Defendant failed to pay Plaintiff and others similarly situated is not yet known by Plaintiff, because most, if not all, records needed to make such calculations are within the possession or control of Defendant or were not kept by Defendant.

21) The FLSA and the OMFWSA require employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. To the extent that Defendant failed to make, keep, and preserve records of all required and unpaid work performed by Plaintiff and other similarly situated employees, Plaintiff is entitled to a reasonable estimate of such time

**Defendant's Failure to Produce Pay Records**

22) Pursuant to O.R.C. § 4111.14(G) and the Ohio Constitution, Ohio Const. art. II, § 34a, on or about July 30, 2019, Plaintiff mailed a request for documents relating to Plaintiff's employment, including but not limited to Plaintiff's pay rate, hours worked each day, and amounts paid to Plaintiff to Defendant via U.S. mail.

23) Plaintiff included a properly executed release with her request.

24) Despite this request, Defendant failed to produce the requested pay records.

25) Because the requested records were not produced and because more than 30 business days have passed since Defendant received Plaintiff's request, Defendant is in violation of O.R.C. § 4111.14(G) and Ohio Const. art. II, § 34a.

26) Plaintiff thereby files this Complaint in order to obtain records not produced and is therefore entitled to attorneys' fees and costs.

## COLLECTIVE ACTION ALLEGATIONS

27) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

28) Plaintiff brings this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of other similarly situated employees who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

29) The collective which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> **All present and former non-exempt employees of Defendant during the period beginning three years preceding the filing of this Complaint to the present who were not paid overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 in at least one workweek (the "FLSA Collective").**

30) This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

31) The similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively

adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO RULE 23 CLASS ACTION ALLEGATIONS

32) Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and a class of current or former employees employed by Defendant in Ohio, defined as:

> **All present and former non-exempt employees of Defendant during the period beginning two years preceding the filing of this Complaint to the present who were not paid overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 in at least one workweek (the "Ohio Overtime Class").**

33) The class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio Overtime Class. However, Defendant identifies itself as employing a staff of "close to 400 professionals" on its company website. *See* https://www.vnaohio.org/about. The exact size of the Ohio Overtime Class will be determined by Defendant's payroll records.

34) There are questions of law or fact common to the Ohio Overtime Class including: whether Defendant's practices resulted in its employees not being paid overtime wages

35) Plaintiff will adequately protect the interests of the Ohio Overtime Class members. Her interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Overtime Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Overtime Class in this case.

36) The questions of law or fact that are common to the Ohio Overtime Class predominate over any questions affecting only individual members. The primary questions that

will determine Defendant's liability to the class are common to each class as a whole and predominate over any questions affecting only individual class members.

37) Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Overtime Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Overtime Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Overtime – FLSA Collective)

38) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

39) Defendant is an "employer" covered by the minimum wage and overtime requirements of the FLSA.

40) The FLSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half times their regular rate of pay.

41) As employees of Defendant, Plaintiff and others similarly situated work or worked more than 40 hours in a workweek, and were not paid for all hours worked at a rate of one and one-half times their regular rate of pay in those workweeks.

42) Defendant's practice and policy of not paying Plaintiff and other similarly situated employees at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek resulted in unpaid overtime in violation of the FLSA.

43) By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated provisions of the FLSA.

44) As a result of Defendants practices and policies, Plaintiff and the FLSA Collective members have been damaged in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

45) Pursuant to the FLSA, Plaintiff are entitled to attorneys' fees and costs incurred.

## COUNT TWO
### (Overtime Violations – Ohio Overtime Class)

46) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

47) Ohio law requires employers to pay overtime in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C.A. §§ 207, 213, as amended; and O.R.C. § 4111.03(A).

48) Defendant is an "employer" covered by the overtime requirements set forth in the OMFWSA.

49) The OMFWSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half their regular rates.

50) As employees of Defendant, Plaintiff and others similarly situated work or worked more than 40 hours in a workweek, and were not paid overtime compensation for all hours worked in excess of 40 at their regular rate of pay.

51) Plaintiff and others similarly situated were not exempt under the OMFWSA.

52) Defendant's practice and policy of not paying Plaintiff and other similarly situated employees at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek resulted in unpaid overtime in violation of the OMFWSA.

53) By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the OMFWSA.

54) As a result of Defendant's practices, Plaintiff and the Ohio Overtime Class members have been damaged in that they have not received wages due to them pursuant to the OMFWSA; and because wages remain unpaid, damages continue.

55) Pursuant to the Ohio Revised Code, Plaintiff is entitled to attorneys' fees and costs incurred.

## COUNT THREE
## Violation of O.R.C. § 4111.14(G) and Ohio Const. art. II, § 34a

56) On or about July 30, 2019, Plaintiff mailed a request for documents relating to her employment to Defendant. This request for documents included information concerning her pay rate, hours worked each day, and amounts paid to Plaintiff.

57) Plaintiff included a properly executed release with her request.

58) At all times relevant to this Complaint, Defendant was Plaintiff's "employer" as it is defined in O.R.C. § 4111.14 and Article II of the Ohio Constitution.

59) As Plaintiff's employer, Defendant was required to maintain records relating to her employment in accordance with Ohio law.

60) Under O.R.C. § 4111.14(G) and in accordance with the Ohio Constitution, Defendant was required to "provide such information without charge to an employee or person acting on behalf of an employee upon request … within thirty business days."

61) Because no records were produced and over 30 business days have passed since the request, Defendant has violated O.R.C. § 4111.14 and Article II of the Ohio Constitution. Accordingly, Plaintiff is entitled to attorneys' fees and costs incurred.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, and all similarly situated employees, collectively pray that this Honorable Court:

A. Conditionally certifying this case as a "collective action" pursuant to 29 U.S.C. §216(b); and direct that Court-approved notice be issued to similarly situated employees informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, the opt-in FLSA Collective members who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Overtime Class members;

C. Award Plaintiff, and the FLSA Collective and Ohio Overtime Class she represents, actual damages for unpaid wages and liquidated damages as provided under the FLSA and Ohio law;

D. Award Plaintiff, and the FLSA Collective and Ohio Overtime Class she represents, pre-judgment and post-judgment interest at the statutory rate;

E. Award Plaintiff, and the FLSA Collective and Ohio Overtime Class she represents, attorneys' fees, costs, and disbursements; and

F. Direct Defendant to product all documents pursuant to O.R.C. § 4111.14(G) and Article II, § 34a of the Ohio Constitution at no cost to Plaintiff, and order the payment of attorneys' fees and costs.

G. Award Plaintiff, and the FLSA Collective and Ohio Overtime Class she represents, further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Christopher J. Lalak*
Christopher J. Lalak (0090079)
614 W. Superior Ave., Suite 1148
Cleveland, OH 44113
Telephone: (216) 230-2955
Email: clalak@ohlaborlaw.com

Hans A. Nilges (0076017)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Christopher J. Lalak*
Christopher J. Lalak

*Counsel for Plaintiff*